**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


**AMANDA FENLEY,**

**Plaintiff,**

**v.**                                                          **CASE NO.:**

**AMEDISYS HOLDING, LLC d/b/a
COMPASSIONATE CARE HOSPICE,**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Amanda Fenley, sues Defendant, Amedisys Holding *d/b/a* Compassionate Care Hospice ("Compassionate Care"), and alleges:

### NATURE OF THE ACTION

1.      This is an action for retaliatory termination under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).

2.      Plaintiff worked for Defendant at its hospice facility as an RN Case Manager where Plaintiff was responsible for coordinating care for hospice patients.

3.      During Plaintiff's employment, Defendant, through its managers and supervisors, pressured Plaintiff to retroactively alter, revise, and/or falsify medical records so that hospice patients would appear to satisfy eligibility

requirements for continuing hospice care even when the patients did not meet those requirements as documented at the time of service.

4.      Plaintiff reasonably believed that altering records after the fact to make patients appear eligible for continued hospice services would be used to support, conceal, or cause the submission of false or fraudulent claims for payment to Medicare and other federally funded healthcare programs.

5.      Plaintiff refused to participate in that conduct and objected to it internally, including by reporting that retroactive chart manipulation and falsification of eligibility-related documentation was improper, unlawful, and likely to result in false claims being submitted to the United States.

6.      Shortly after Plaintiff refused to falsify records and engaged in efforts to stop Defendant's unlawful conduct, Defendant terminated Plaintiff's employment.

7.      Defendant fired Plaintiff because Plaintiff opposed and refused to participate in conduct that Plaintiff reasonably believed would violate the False Claims Act.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 31 U.S.C. § 3730(h)(2), because this action arises under the laws of the United States.

9.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District and/or a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

10.     Plaintiff, Amanda Fenley, is an adult resident of Polk County, Florida.

11.     At all material times, Plaintiff was employed by Defendant as an RN Case Manager.

12.     Defendant, Amedisys Holding, LLC d/b/a Compassionate Care Hospice is a foreign company doing business in Florida, including in this District.

13.     At all material times, Defendant operated a hospice facility and billed, or caused claims to be billed, to Medicare and/or other federally funded healthcare programs for hospice services.

## FACTUAL ALLEGATIONS

14.     Plaintiff Amanda Fenley (hereinafter as "Plaintiff") was employed by Amedisys Holding, LLC d/b/a Compassionate Care Hospice. (hereinafter as "Defendant") as a RN Case Manager from approximately April 15, 2021, through May 16, 2025.

15.     In or around December 2024, Directors of Nursing, Jonathan Stanley, and Diane Sparks, began asking Plaintiff and other nurses to retroactively

adjust/change/modify patient medical records, symptoms, and diagnoses to make them appear better eligible for hospice care.

16.    Plaintiff refused to retroactively adjust/change/modify the patient records and vehemently opposed the practice.

17.    The Director of Nursing, Jonathan Stanley, made the comment that "nurses would lose their jobs if they did not comply because census would drop, and the doors of the business would be closed."

18.    In the beginning of May 2025, Plaintiff took two weeks of leave for a medical procedure.

19.    On May 16, 2025 Plaintiff was terminated.

20.    Plaintiff later found out that two nurses resigned prior to Plaintiff's termination and a nurse practitioner was also terminated for refusing to modify patient medical records.

21.    Plaintiff was terminated in retaliation for her objections to what she reasonably believed and were actual violations of laws, rules, and regulations, in violation of the False Claims Act and the Florida Private Whistleblower Act.

## COUNT I
## RETALIATION IN VIOLATION OF THE FALSE CLAIMS ACT
### 31 U.S.C. § 3730(h)

22.    Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff engaged in protected activity under 31 U.S.C. § 3730(h) by, among other things: refusing to retroactively falsify or improperly alter medical records; objecting to directives that records be changed to make patients appear eligible for continuing hospice care; reporting that such conduct was unlawful and could result in false claims to Medicare; and undertaking efforts to stop conduct Plaintiff reasonably believed violated the False Claims Act.

24. Plaintiff had an objectively reasonable belief that Defendant was engaged in conduct that would violate, or cause violations of, the False Claims Act.

25. Defendant knew that Plaintiff was engaged in protected activity.

26. Defendant discharged Plaintiff and otherwise discriminated against Plaintiff in the terms and conditions of employment because of Plaintiff's protected activity.

27. Defendant's conduct violated 31 U.S.C. § 3730(h).

28. As a direct and proximate result of Defendant's violation of the FCA's anti-retaliation provision, Plaintiff is entitled to all relief necessary to make Plaintiff whole, including reinstatement or front pay in lieu of reinstatement, two times the amount of back pay, interest, compensation for special damages, litigation costs, and reasonable attorneys' fees, as provided by 31 U.S.C. § 3730(h).

29.   WHEREFORE, Plaintiff Amanda Fenley demands judgment against Defendant, Amedisys Holding, LLC d/b/a Compassionate Care Hospice, awarding Plaintiff the following relief:

    a.   judgment in favor of Plaintiff and against Defendant on Count I;

    b.   reinstatement to Plaintiff's former position, or front pay in lieu of reinstatement;

    c.   two times the amount of Plaintiff's back pay;

    d.   prejudgment interest;

    e.   compensation for special damages, including emotional distress and other consequential damages permitted by law;

    f.   litigation costs and reasonable attorneys' fees; and

    g.   all other legal or equitable relief the Court deems just and proper.

## COUNT II
## (FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT)

30.   Plaintiff realleges paragraphs one 1 through 21 as though set forth herein.

31.   This is an action for damages pursuant to Florida's Private Whistleblower's Act, Section 448.102, *Florida Statutes.*

32.   Pursuant to Section 448.102, *Florida Statutes,* an employer may not take any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the

employer which is in violation of a law, rule, or regulation.

33.    In contravention of said statute, Defendant terminated Plaintiff in direct retaliation for objecting to and/or refusing to participate in a policy, practice or activity that was a violation of a law, rule, or regulation.

34.    As a result of Defendant's unlawful acts as described above, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

35.    As a result of the retaliatory actions of Defendant, Plaintiff has suffered and will continue to suffer damages.

36.    WHEREFORE, Plaintiff Amanda Fenley demands judgment against Defendant, Amedisys Holding, LLC d/b/a Compassionate Care Hospice, awarding Plaintiff the following relief:

    a.    Compensation for lost wages, benefits, and other remuneration;

    b.    Prejudgment interest;

    c.    Emotional pain and suffering, humiliation, and any other compensatory damages allowable by law;

    d.    Reinstatement of the Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

    e.    Reinstatement of full fringe benefits and seniority rights;

    f.    An injunction restraining continued violation of the FWA;

    g.    Attorney's fees and costs;

h.      Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

37.     Plaintiffs requests a jury trial on all issues so triable.

**DATED** this 6th day of April 2026.

**FLORIN | GRAY**

*/s/ Miguel Bouzas*

**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary:  miguel@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
sterry@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942

*Attorneys for Plaintiff*